**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS**

**Rachel Abdulaziz,**

      **Plaintiff,**

**v.**                                               **Case No. 26-cv-1007-JWL**

**USD 265 Sedgwick County, Kansas,**

      **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff Rachel Abdulaziz was employed by defendant USD 265 Sedgwick County, Kansas as a social worker.  In May 2025, plaintiff filed a lawsuit against defendant alleging discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Kansas Act Against Discrimination, K.S.A. § 44-1001 et seq. ("KAAD").  She voluntarily dismissed that lawsuit in September 2025.  Plaintiff has now refiled her lawsuit.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendant moves to dismiss all claims in plaintiff's complaint (doc.  7).  Defendant moves to dismiss plaintiff's Title VII claims with prejudice because plaintiff failed to file those claims within 90 days of receiving her Notice of Right to Sue. *See* 42 U.S.C. §§ 2000(e)-5(f)(1) (setting 90-day deadline to file suit after right-to-sue letter).  Defendant moves to dismiss plaintiff's KAAD claims without prejudice, asking the court to decline supplemental jurisdiction over these claims. The motion is granted in its entirety.

**Standard**

The court will grant a motion to dismiss for failure to state a claim when a plaintiff's factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. *See id.* at 555. The court must accept the facts alleged in the complaint as true, even if doubtful in fact, *see id.*, and view all reasonable inferences from those facts in favor of the plaintiff, *see Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). Viewed as such, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

**Discussion**

Defendant contends that plaintiff's Title VII claims are time-barred. Title VII requires a plaintiff to file a civil action within 90 days of receiving a right-to-sue letter. 42 U.S.C. § 2000e–5(f)(1); *Hernandez v. Valley View Hosp. Assn.*, 684 F.3d 950, 961 (10th Cir. 2012). Plaintiff filed a timely complaint in Case No. 25–1103 on May 19, 2025. *Abdulaziz v. USD 265 Goddard*, No. 25-1103-JWL (D. Kan. May 19, 2025), ECF No. 1. In that complaint, plaintiff averred that she received a Notice of Right to Sue in EEOC Case No. 280-2024-00589 from the EEOC on February 19, 2025. On September 19, 2025, plaintiff voluntarily dismissed Case No. 25-1103 without prejudice. *Id.*, ECF. No. 5.

Plaintiff then filed this case several months later on January 9, 2026 (Doc. 1). In her complaint, plaintiff again references the Notice of Right to Sue issued on February 19, 2025 in

2

EEOC Case No. 280-2024-00589.  While plaintiff's complaint does not mention her prior complaint, she concedes in her briefing here that this lawsuit is a "refiling" of her prior lawsuit. She also concedes that her complaint was filed well after the 90-day filing requirement, but urges that the Kansas savings statute, K.S.A. § 60-518,[1] operates to salvage her lawsuit.  But it is well settled that a state's savings statute does not apply to Title VII claims. *See Brown v. Hartshorne Pub. Sch. Dist. No. 1*, 926 F.2d 959, 961 (10th Cir. 1991), abrogated on other grounds by *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) (explaining that the Oklahoma savings statute did not apply to plaintiff's Title VII claim); *see also Hale v. Emporia State Univ.*, 266 F. Supp. 3d 1261, 1271 (D. Kan. 2017) (dismissing plaintiff's refiled Title VII claim as untimely and refusing to apply the Kansas savings statute to revive the claim because "state tolling and savings provisions do not apply where Congress has provided a federal statute of limitation for a federal claim") (citations omitted).  The savings statute, then, does not apply here.

Moreover, the "the filing of a complaint that is dismissed without prejudice does not toll the statutory filing period of Title VII." *Brown*, 926 F.2d at 961.  Instead, a voluntary dismissal without prejudice generally "leaves the parties as though the action had never been brought." *Id*. (citations omitted). The statute of limitations thus bars plaintiff's re-filed Title VII claims here because she did not file her claims within 90 days of receiving her right-to-sue letter. *See id*. (affirming dismissal of a plaintiff's re-filed Title VII claim as time-barred); *Brown v. Kempthorne*, 190 Fed. Appx. 590, 591 (10th Cir. 2006) (affirming dismissal of a pro se plaintiff's re-filed Title

---

[1] That statute provides: "If any action be commenced within due time, and the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff . . . may commence a new action within six (6) months after such failure." K.S.A. § 60-518.

VII complaint because it "was clearly not filed within 90 days of her receipt of the final agency decision" and thus "the statute of limitations barred" plaintiff's claim).[2]

For the foregoing reasons, the court dismisses plaintiff's Title VII claims as barred by the statute of limitations. The court declines to exercise supplemental jurisdiction over the remaining KAAD claims and those claims are dismissed without prejudice. *See* 28 U.S.C. § 1367(c)(3) (court is not obligated to exercise supplemental jurisdiction over any state law claims if court has dismissed all claims over which it has original jurisdiction).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Title VII claims are dismissed with prejudice and her remaining state law claims are dismissed without prejudice.

**IT IS SO ORDERED.**

Dated this 16th day of June, 2026, at Kansas City, Kansas.

                         s/John W. Lungstrum
                     HON. JOHN W. LUNGSTRUM
                     United States District Judge

---

[2] While the Tenth Circuit has recognized that equitable tolling can apply to Title VII's statute of limitations in narrow circumstances, plaintiff does not suggest that equitable tolling should save her claims here.